IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SMIRK & DAGGER GAMES, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil Action No. 1:25-cv-03857 (RC) |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | | |
| Defendants. | | |

## **DEFENDANTS' MOTION TO STAY**

Defendants move to stay this case, pending the Supreme Court's disposition of *Learning Resources, Inc. v. Trump*, No. 24-1287 (U.S.), and *Trump v. V.O.S. Selections, Inc.*, No. 25-250 (U.S.). A stay of proceedings to await the Supreme Court's guidance would promote efficiency and conserve judicial and party resources.

Pursuant to Local Rule 7(m), defendants conferred with plaintiffs' counsel via email regarding their position on the motion to stay. Plaintiffs' counsel advised that Plaintiffs consent to the relief requested.

## **BACKGROUND**

This case presents a challenge to the President's authority under the International Emergency Economic Powers Act (IEEPA), Pub. L. No. 95-223, Tit. II, 91 Stat. 1626, to impose tariffs to address certain national emergencies. The President found that America's exploding trade deficit, the implications of that deficit for our economy and national security, and a

fentanyl importation crisis that has claimed thousands of American lives constitute national emergencies. Invoking IEEPA, President Trump imposed tariffs to deal with the emergencies by, *inter alia*, prompting Canada, Mexico, and China to stem the fentanyl crisis, Exec. Order 14,193, 90 Fed. Reg. 9113, 9114 (Feb. 7, 2025); Exec. Order 14,194, 90 Fed. Reg. 9117, 9118 (Feb. 7, 2025); Exec. Order 14,195, 90 Fed. Reg. 9121, 9121-22 (Feb. 7, 2025), and to remedy non-reciprocal trade barriers and to strengthen the United States's domestic manufacturing infrastructure and defense industrial base, Exec. Order 14,257, 90 Fed. Reg. 15,041, 15,041 (Apr. 7, 2025). The tariffs imposed by these Executive Orders directed modifications to the Harmonized Tariff Schedule of the United States (HTSUS).

On November 4, 2025, Plaintiffs Smirk & Dagger Games *et. al.*, filed a class action complaint in this Court ECF No. 1 (Compl.). Plaintiffs claim that they import products and suffer "economic injuries, including lost profits" as well as delays in "production and import" of goods and "decreased production." *Id*. ¶¶13-15. Plaintiffs allege that the challenged executive orders exceed the President's authority under IEEPA, *id*. ¶77, are not "necessary" to address the stated emergencies, *id*. ¶81-89, and violate the Constitution, *id*. ¶¶91-98. They also allege that the HTSUS modifications implementing the orders violate the Administrative Procedure Act (APA). *Id*. ¶99-103.

As a remedy, plaintiffs ask the Court to: (1) certify the case as a class action; (2) declare the challenged orders "unlawful and unconstitutional"; (2) "declar[e] that … the resulting HTSUS modifications are unlawful and in violation of" the APA; (3) "[v]acat[e] all HTSUS modifications made to implement" the challenged orders; and (4) permanently enjoin defendants "from implementing or enforcing" the challenged orders or "the resulting modifications to the HTSUS." *Id*. at Prayer For Relief ¶¶A-F.

These same tariffs challenged here were also challenged on the same grounds in suits in the Court of International Trade (CIT) and in this Court.

In *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, and *Oregon v. Trump*, No. 25-00077, the CIT held that it had exclusive jurisdiction to review the case because the tariffs imposed by Executive Orders under IEEPA directed modifications to HTSUS, which is a law of the United States providing for tariffs under the CIT's jurisdictional statute, 28 U.S.C. § 1581(i). *See V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350, 1365–67 (Ct. Int'l Trade 2025). The CIT held the tariffs unlawful and enjoined defendants. *Id.* at 1383. The cases were consolidated on appeal, where the Federal Circuit, sitting *en banc*, stayed the injunction, *V.O.S. Selections, Inc. v. Trump*, 2025 WL 1649290 (Fed. Cir. June 10, 2025), then affirmed the CIT's ruling on the merits, while remanding for further consideration of the remedy, *V.O.S. Selections, Inc. v. Trump*, 2025 WL 2490634 (Fed. Cir. Aug. 29, 2025). The court specifically addressed the CIT's jurisdiction, holding that the "Executive Orders, if authorized, would modify the HTSUS. These modifications to HTSUS are thus purported laws of the United States, and a lawsuit challenging tariffs effectuated by such a modification 'arises out of [a] law of the United States providing for . . . tariffs.'" *Id.* at *9 (quoting 28 U.S.C. § 1581(i)). The court stayed its mandate pending Supreme Court review, *V.O.S. Selections, Inc. v. Trump*, 2025 WL 2493525 (Fed. Cir. Aug. 29, 2025), with the consequence that the stay pending appeal remains in effect.

Meanwhile, in *Learning Resources v. Trump*, No. 25-1248, plaintiffs challenged the President's tariffs in the United States District Court for the District of Columbia. 2025 WL 1525376 (D.D.C. May 29, 2025). That court denied the Government's motion to transfer the case to the CIT, holding that the district court, and not the CIT, had jurisdiction to review the case. *Id.* at *13. The court held that, "because IEEPA is not a 'law . . . providing for tariffs,' this

3

Court, not the CIT, has jurisdiction over this lawsuit," and stayed its injunction pending appeal, which continues through the Supreme Court's review. *Id.* at *13; *see Learning Resources, Inc. v. Trump*, No. 25-1248 (D.D.C.), ECF No. 42 (granting stay pending appeal). On appeal, the parties have squarely addressed jurisdiction. *See Learning Resources, Inc. v. Trump*, No. 25-5202 (D.C. Cir.), Doc. No. 2122774 at 26-35, Doc. No. 2127013 at 19-30. Oral argument was set for September 30, 2025. *Id.*, Doc. No. 2123376.

On September 9, 2025, the Supreme Court granted certiorari in *V.O.S. Selections* and certiorari before judgment in *Learning Resources*, consolidating the cases and setting them for argument during the first week of November 2025. *V.O.S. Selections, Inc.*, No. 25-250, 2025 WL 2601020, at *1 (U.S. Sept. 9, 2025); *Learning Res., Inc. v. Trump*, No. 24-1287, 2025 WL 2601021, at *1 (U.S. Sept. 9, 2025). The Supreme Court also scheduled expedited briefing. Briefing on the merits was completed at the end of October 2025 and oral arguments were heard on November 5, 2025. *Id.*

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A stay is warranted where it will preserve party and judicial resources to no one's detriment and simplify the issues before the Court. *Id.* at 254–55. A court's judgment to stay "may be appropriately exercised where a separate proceeding bearing upon the case is pending." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016).

A stay is appropriate here because the issues in this case – both jurisdictional and merits – are directly before the Supreme Court and will be entirely governed by that Court's decision.

4

The CIT has already stayed several cases for the same reason. *See, e.g. Emily Ley Paper Inc. v. Trump*, No. 1:25-cv-00096 (Ct. Int'l Trade), ECF No. 46; *Princess Awesome, LLC v. U.S. Customs and Border Protection*, No. 1:25-cv-00078 (Ct. Int'l Trade), ECF No. 21.

Further, two courts in this District recently stayed cases in a similar posture pending Supreme Court resolution. *See Storch v. Hegseth,* --- F. Supp. 3d ---, 2025 WL 2758238, at *9 (D.D.C. Sept. 24, 2025) (Reyes, J.) (staying case challenging President Trump's removal of inspectors general); Minute Order, *Samuels v. Trump*, No. 1:25-cv-1069 (D.D.C. Oct. 24, 2025) (Chutkan, J.) (staying case challenging President Trump's removal of a Commissioner of the Equal Employment Opportunity Commission).

And courts in this District routinely stay proceedings to promote judicial economy and efficiency where a higher court's ruling in the same or a similar matter will bear on further proceedings before the district court. *See, e.g., Ready to Win v. FEC,* 2023 WL 10512144, at *2 (D.D.C. July 28, 2023) (staying proceedings pending interlocutory appeal, reasoning that discovery "may prove unnecessary or may be narrowed in light of the D.C. Circuit's decision"); *Blumenthal v. Trump*, 2019 WL 3948478, at *3 (D.D.C. Aug. 21, 2019) ("The Court will also stay proceedings in this case pending the interlocutory appeal."); *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency.").

Given the rapid schedule for proceedings in the Supreme Court, it would be a waste of judicial resources for this Court to hear and decide this case (let alone wade into a potentially lengthy class certification process), as plaintiffs' claims substantially, if not completely, overlap

5

with those of the petitioners in *Learning Resources* and in *V.O.S. Selections*. Once those cases are decided, this case can be litigated without unnecessarily draining the parties' or the Court's resources. Further, the Supreme Court might determine that the CIT has exclusive jurisdiction over all the tariff cases, thus necessitating a transfer of this matter to the CIT. Staying this case until the Supreme Court determines the jurisdictional issue, rather than moving forward in this Court, would prevent an additional waste of judicial and party resources.

Finally, imposing a stay pending resolution of *Learning Resources* and *V.O.S. Selections* would impose little, if any, hardship on the parties. Because *Learning Resources* and *V.O.S. Selections* have already been argued, any stay will not be "immoderate in extent." *Landis*, 299 U.S. at 256.

For these reasons, the Court should stay all proceedings in this case, including responding to plaintiffs' complaint.

Dated: December 17, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

STEPHEN M. ELLIOTT
Assistant Director, Federal Programs Branch

*/s/ Joshua N. Schopf*
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 514-6304
Email: Joshua.n.schopf@usdoj.gov

*Counsel for Defendants*